IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALBERT BAKER, JR., # 140789, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:15cv514-MHT |
| ) | (WO) |
| JEFFERSON S. DUNN, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a petition for writ of habeas corpus by a person in state custody, *see* 28 U.S.C. § 2254, filed on July 17, 2015, through counsel, by petitioner Albert Baker, Jr. ("Baker"). (Doc. No. 1.) Baker, an Alabama prisoner, challenges the sentence of life without the possibility of parole entered against him in 1987 following his conviction in the Circuit Court of Pike County for the offense of capital murder. He argues that his life sentence without the possibility of parole violates the Eighth Amendment in light of the United States Supreme Court's holding in *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455, 2469 (2012) (holding that mandatory imposition of life imprisonment without the possibility of parole for juvenile offenders sentenced as adults violates the Eighth Amendment).[1]

---

[1] The United States Supreme Court recently granted a petition for writ of certiorari in *Montgomery v. Louisiana*, No. 14–280, which presents the question of whether *Miller* should be applied retroactively. (*See State v. Montgomery* (La. 2014) 141 So.3d 264, cert. granted Mar. 30, 2015, sub nom. *Montgomery v. Louisiana* (2015) ___ U.S. ___, 135 S.Ct. 1546.) *Montgomery* was argued before the Court on October 13, 2015.

## II.  DISCUSSION

The records of this court reveal that Baker has filed three previous habeas petitions under 28 U.S.C. § 2254 challenging the capital murder conviction and sentence of life without parole entered against him in 1987 by the Circuit Court of Pike County. *See Baker v. Jones, et al.*, Civil Action No. 2:97cv868-ID (M.D. Ala. 2000); *Baker v. Culliver, et al.*, Civil Action No. 2:05cv228-WHA (M.D. Ala. 2005); *Baker v. Culliver, et al.*, Civil Action No. 2:05cv1103-ID (M.D. Ala. 2005). In the first of those habeas actions, this court denied Baker relief and dismissed his petition with prejudice.[2] *See* Civil Action No. 2:97cv868-ID, Doc. Nos. 20, 24, and 26. Regarding the second and third of those habeas actions, this court summarily dismissed Baker's petitions under the directives of 28 U.S.C. § 2244(b)(3)(A) because Baker had not obtained an order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. *See* Civil Action No. 2:05cv228-WHA, Doc. Nos. 4, 7, and 8; Civil Action No. 2:05cv1103-ID, Doc. Nos. 4-6.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

---

[2] The dismissal of a § 2254 petition for untimeliness under 28 U.S.C. § 2244(d) qualifies as an adjudication on the merits for purposes of successive-petition rules and renders future challenges to the same conviction under § 2254 "second or successive" and subject to the requirements of 28 U.S.C. § 2244(b)(1)-(3). *Murray v. Greiner*, 394 F.3d 78. 79 (2nd Cir. 2005); *see also, e.g., Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003).

2

application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[3] 28 U.S.C. § 2244(b)(3)(B) & (C).

---

[3] Section 2244(b)(1) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

    (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

3

It is clear from the record that Baker has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider his successive application for habeas relief.  (*See* Doc. No. 2 at 1-2.)  "Because this undertaking [is a successive] habeas corpus petition and because [Baker] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief."  *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  Consequently, the instant petition for writ of habeas corpus should be denied and this case summarily dismissed.  *Id*. at 934.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The petition for writ of habeas corpus filed by Baker be DENIED.

2. This cause of action be DISMISSED under 28 U.S.C. § 2244(b)(3)(A) as Baker has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.

It is further ORDERED that the parties shall file any objections to this Recommendation **on or or before November 10, 2015**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance

with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    Done this 27th day of October, 2015.

    /s/Charles S. Coody
    CHARLES S. COODY
    UNITED STATES MAGISTRATE JUDGE